THIS OPINION HAS NO PRECEDENTIAL VALUE

THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 DLJ Mortgage Capital, Inc., Respondent,
 v.
 Boyd Jones, Appellant.
 
 
 

Appeal From Richland County
 Alison R. Lee, Circuit Court Judge

Unpublished Opinion No. 2007-UP-144
Submitted April 2, 2007  Filed April 3, 2007

AFFIRMED

 
 
 
 Boyd J. Jones, of West Columbia, Pro Se, for Appellant.
 Stephen C. Lenker, Jr. and Weston Adams, III, of Columbia, for Respondent.
 
 
 

PER CURIAM: This is an appeal from an order of the circuit court enforcing a settlement agreement previously presented in open court.  We affirm.[1]
1.   The parties appeared before the Honorable Garrison Hill for a motions hearing.  Prior to the hearing, however, the parties informed the court that they had reached a settlement agreement of all issues.  At that time, the terms of the settlement were presented in open court.  Immediately thereafter, Appellant was sworn in and testified to the terms of the agreement.  Appellant further assured the court he was freely and voluntarily entering into the agreement, free from any pressure or improper influence.  At the urging of the parties, the court accepted the settlement on the record.  Subsequently, Appellant failed to sign the consent order reflecting the terms of the settlement previously agreed upon.  Respondent moved to enforce the settlement agreement.  Judge Alison R. Lee heard this motion, and appropriately enforced the settlement agreement pursuant to Rule 43(k), SCRCP.  
We find Appellants appeal utterly specious.  The transcript leaves no question that the matter was resolved.  Appellant testified under oath before Judge Hill that he agreed to settle the matter.  See Rule 43(k), SCRCP (No agreement between counsel affecting the proceedings in an action shall be binding unless reduced to the form of a consent order or written stipulation signed by counsel and entered in the record, or unless made in open court and noted upon the record.) (emphasis added).  
2.  All other issues raised are manifestly without merit.  Accordingly, they are dismissed pursuant to Rule 220(b)(2), SCACR.
AFFIRMED.
ANDERSON, KITTREDGE, and SHORT, JJ., concur.

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.